IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL L. DeVLIEGER,<br>     Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | C.A. No. 1:24-CV-159 |
| | ) | |
| CITY OF WARREN PENNSYLVANIA<br>and PENNSYLVANIA MUNICIPAL<br>SERVICE COMPANY,<br>     Defendants. | )<br>)<br>)<br>) | |

## MEMORANDUM OPINION

## I.     INTRODUCTION

Defendant, City of Warren, moves to dismiss Plaintiff Carl L. DeVlieger's Amended Complaint (ECF No. 21) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 23. Plaintiff opposes the motion (ECF No. 26), and Defendant has filed a reply (ECF No 27). For the reasons set forth below, the Court will grant Defendant City of Warren's Motion.

## II.     BACKGROUND

The Court has laid out, in detail, the factual background of this matter in its Memorandum Opinion resolving an earlier motion to dismiss. ECF No. 18. The factual allegations will be restated here only insofar as more facts have been pled by Plaintiff in the Amended Complaint.

Plaintiff commenced this § 1983 action against the Pennsylvania Municipal Water Service ("PAMS") and the City of Warren alleging violations of his procedural due process rights arising from the termination of water services. ECF No. 1. Each of the Defendants moved to dismiss for failure to state a claim under Rule 12(b)(6). ECF Nos. 8, 10. This Court denied Defendant PAMS's motion to dismiss finding that Plaintiff plausibly plead a procedural due process violation based

1

on the denial of a promised pre-termination hearing. As to the City, however, the Court dismissed the claim without prejudice because Plaintiff failed to plead facts sufficient to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and granted leave to amend. ECF No. 19.

Thereafter, Plaintiff filed an Amended Complaint. ECF No. 21. Defendant PAMS answered the Amended Complaint. ECF No. 22. Defendant City of Warren again moves to dismiss, arguing inter alia that Plaintiff still fails to plead a municipal policy or custom that caused the alleged constitutional violation. ECF No. 23. Plaintiff opposed the motion to dismiss and the City of Warren has filed a reply brief. ECF Nos. 26, 27. The pending motion is fully briefed and is ripe for disposition by this Court.

## III.    STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court accepts as true all well pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court need not accept as true unsupported conclusions and unwarranted inferences. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000). Similarly, "[t]hreadbare recitals

2

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

In deciding a motion to dismiss, courts generally consider only the allegations contained in the complaint, any exhibits attached to the complaint and matters of public record. *Pryor v. Nat'l Collegiate Athletic Assoc.*, 288 F.3d 548, 560 (3d Cir.2002). Courts also may consider a document that a defendant attaches as an exhibit to a motion to dismiss, if the authenticity of the document is undisputed and the plaintiff's claims are based on the document. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Further, while a court must accept all factual allegations in Plaintiff's complaint as true, courts are not compelled to accept "unsupported conclusions and unwarranted inferences[,]" (*see, Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.,* 113 F.3d 405, 417 (3d Cir.1997)), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## IV.     ANALYSIS

Although the City of Warren raises multiple bases for its motion to dismiss, because failure to sufficiently allege the basics of municipal liability is a threshold matter and because this is Plaintiff's second chance to allege it, it shall be addressed at the outset.

*Monell*-type liability refers to the limited circumstances in which a local governmental entity may be held responsible under 42 U.S.C. § 1983 for constitutional violations attributable to its own policy, practice, or custom. Generally, a municipality cannot be held liable on a respondeat superior theory – but *Monell* liability is the exception to that rule. It focuses on institutional fault, not on employee misconduct standing alone. "A successful *Monell* claim must establish: (1) an underlying constitutional violation; (2) a policy or custom attributable to the municipality; and (3)

that the constitutional violation was caused by the municipality's policy or custom." *Lopez v. City of Philadelphia*, 2017 WL 2869495, at *3 (E.D. Pa. July 5, 2017) (citing *Monell*, 436 U.S. 658).

As previously decided by this Court, Plaintiff has pleaded a plausible procedural due process violation arising from the actions of PAMS, an entity hired by the City, in relation to his attempt to request a hearing prior to the termination of his utility services. *See* ECF No. 18. In matters of utility services, the government must provide a hearing or other opportunity to be heard before depriving a person of a property interest. Importantly, the notice provided to the customer must also advise of the availability of an administrative procedure to consider the customer's complaint. *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 22 (1978). Here, it is satisfactorily alleged that the Notice at issue, provided by PAMS, purported to provide the opportunity for an administrative process of which Plaintiff attempted to avail himself. The requested administrative hearing never occurred and his request was summarily dismissed. Plaintiff has sufficiently met the first prong to allege Monell liability against the City of Warren.

Next, Plaintiff alleges that the City of Warren maintained a "policy and or custom" that amounted to deliberate indifference to the appeal rights of water and sewage customers. ECF No. 21 ¶¶ 32, 33. He explains that although there was no written policy, "there was a pervasive, long-standing practice and policy to do so that had the force of law." *Id.* ¶¶ 34, 38. Plaintiff then offers that he is aware of "several other instances where customers who properly exercised their appeal rights" were denied a hearing to challenge the City's sewer fees. *Id.* ¶ 35. Defendants contend that Plaintiff's "conclusory" allegations fall short of pleading a policy, practice or custom. ECF No. 24 at 12. This Court agrees.

A plaintiff challenging an unconstitutional policy must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the

4

relevant subject. *Forrest v. Parry*, 930 F.3d 93, 105–06 (3d Cir. 2019); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir.1990).

The Amended Complaint acknowledges there is no written policy relevant to Plaintiff's claim. ECF No. 21 ⁋ 34. So then, without an official policy, Plaintiff must allege facts sufficient to state a custom in order to impute liability to the City of Warren. If alleging a custom, the plaintiff must evince a given course of conduct so well-settled and permanent as to virtually constitute law. *Forrest,* 930 F.3d at 106 (citing *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019)).

A custom is a practice that is "'so permanent and well-settled' as to virtually constitute law." *Mulholland v. Gov't Cnty. of Berks, Pa.,* 706 F.3d 227, 237 (3d Cir. 2013) (quoting *Andrews*, 895 F.2d at 1480). Custom, in particular, "requires proof of knowledge and acquiescence by the decisionmaker." *McTernan v. City of York, PA,* 564 F.3d 636, 658 (3d Cir. 2009). "A complaint that simply alleges that a plaintiff's rights were violated due to the government's policy of ignoring such rights is not sufficient." *Deems v. Phillips*, 2018 WL 6574184, at *2 (E.D. Pa. Dec. 12, 2018); *LeBeau v. Raith*, 2017 WL 2264639, at *7 (E.D. Pa. May 24, 2017).

The Amended Complaint adds only two anecdotal examples of other customers who allegedly were denied hearings by PAMS's employees. ECF No. 21 ¶¶ 35-37. Plaintiff identifies David Cushner and Ellen Shepherd, residents who were also denied hearings to challenge sewer fees despite submitting timely appeals thorough PAMS. But even accepting these allegations as true, such isolated or sporadic incidents do not plausibly establish an official municipal policy. *Andrews*, 895 F.2d at 1480.

At best, this Court would be required to liberally construe the Amended Complaint and guess that the two examples proffered by Plaintiff establish proof of practice or policy. Even given

5

the plausibility standard at this stage, as well as drawing all reasonable inferences in favor of the non-moving party, Plaintiff simply fails to allege enough facts for this Court to draw the reasonable conclusion that a policy or custom existed.

Even drawing all inferences in Plaintiff's favor, the alleged short phone call between a PAMS' employee and Plaintiff and PAMS's refusal to provide written documentation suggest, at most, misconduct by a single PAMS's employee. See ECF No. 21, ¶ 14. The Amended Complaint contains no factual allegations connecting that conduct to the City of Warren, nor does it identify a municipal policy or custom that caused the alleged constitutional deprivation. Plaintiff's generalized assertion that "this has happened before to other people" does not establish an affirmative link between any alleged custom and the specific violation at issue here. Likewise, the conclusory averment that unidentified "decision makers acquiesced in PAMS's conduct" falls well short of plausibly alleging municipal knowledge or deliberate endorsement. Plaintiff does not allege facts showing that the City was aware of, directed, or was the moving force behind the challenged conduct. Absent such allegations, Plaintiff fails to plausibly plead municipal liability.

The Court previously granted Plaintiff leave to file an amended complaint in order to cure the deficiencies identified in the original. Plaintiff's Amended Complaint adds only minimal factual allegations. Upon review, the Amended Complaint still fails to plead the necessary elements for municipal liability. Having already been provided with an opportunity to amend and given that the new allegations do not rectify the fundamental flaws of the original pleading, the Court finds that any further attempt to amend would be futile.

## V. CONCLUSION

Because municipal liability is a threshold issue as it relates to the City of Warren's inclusion in this matter, and the Court finds that this issue has not been properly pleaded, the Court need not address the other arguments raised in the motion to dismiss. City of Warren's Motion to Dismiss the Amended Complaint will be granted and this case against City of Warren will be dismissed with prejudice.

An appropriate Order follows.